**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 18, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JOHN C. PRATHER,

      Plaintiff-Appellant,

v.

GAIL HEDGECOTH, Osage County
Assessor; THE OKLAHOMA TAX
COMMISSION; STATE OF
OKLAHOMA; BILL CAUGHMAN;
W B MCCABE,

      Defendants-Appellees,

and

OSAGE COUNTY ASSESSOR'S
OFFICE, certain employees; OSAGE
COUNTY BOARD OF
EQUALIZATION, members of; JOHN
DOE; JANE DOE,

      Defendants.

No. 09-5160
(D.C. No. 4:09-CV-00393-CVE-TLW)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **BRISCOE**, Chief Judge, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

---

John C. Prather, proceeding pro se and in forma pauperis, filed suit in federal district court to appeal an increase in his 2009 property taxes and to challenge the tax procedures of Osage County, Oklahoma. As defendants, he named the Osage County Assessor, an employee in the Assessor's office, the chair and panel members of the Osage County Board of Equalization, the Oklahoma Tax Commission, and the State of Oklahoma.

The district court construed Mr. Prather's complaint liberally and determined that it raised constitutional claims under 42 U.S.C. § 1983 and various state-law causes of action. It determined, however, that the claims were barred by Eleventh Amendment immunity and the Tax Injunction Act, 28 U.S.C. § 1341. The district court therefore dismissed the action for lack of subject-matter jurisdiction.

We affirm.

I.

Mr. Prather is a member of the Osage Indian Tribe, a resident of Osage County, and an owner of real property subject to county property tax. After he received notice that his property taxes would be increasing in 2009, he pursued an informal telephone appeal with the Osage County Assessor's Office. His point

was that housing prices had generally decreased because Oklahoma, along with the rest of the country, was in a severe recession. Nevertheless, the Assessor's Office confirmed that the tax increase was final.

Mr. Prather then requested supporting documentation from the Assessor. The responsive documents suggested to him that the assessment of his cement-block barn was erroneous. He asked the Assessor to look at the barn and reassess any taxes based on the value of the barn. When a field agent came out to the property, Mr. Prather objected to the agent's use of a cloth tape measure and inspection of structures other than the barn. He ordered the agent off the property.

Dissatisfied, Mr. Prather filed a formal appeal with the Osage County Board of Equalization. From Mr. Prather's perspective, the appeal process was flawed. He alleged that the Board did not subpoena requested documents, the regular Board panel was not present at the hearing, and the Board was in a conspiracy with the Assessor. During a post-hearing attempt by the Assessor's office to re-measure his buildings, Mr. Prather refused to let county field agents onto his property. Ultimately, the Board confirmed the tax increase.

Mr. Prather filed a complaint in federal district court, alleging that defendants violated his equal-protection and due-process rights and conspired to violate his civil rights. He also asserted state-law claims of invasion of privacy, intentional affliction of emotional distress, fraud and negligence. The State of

Oklahoma and Oklahoma Tax Commission sought dismissal arguing, among other things, that Eleventh-Amendment immunity deprived the district court of subject-matter jurisdiction. The individual county defendants also moved for dismissal, based on the Tax Injunction Act.

In a thoughtful and thorough Opinion and Order, the district court agreed with both the state and county defendants. Without reaching the merits of Mr. Prather's claims, it entered a judgment of dismissal. Mr. Prather filed his appeal in this court.

## II.

Both Eleventh Amendment immunity and the Tax Injunction Act implicate the subject-matter jurisdiction of federal courts. *Chamber of Commerce of U.S. v. Edmondson,* 594 F.3d 742, 760-61 (10th Cir. 2010) (Tax Injunction Act); *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002) (Eleventh Amendment immunity). We conduct a de novo review of dismissals premised on these two theories. *Chamber of Commerce*, 594 F.3d at 760-61.

**State Defendants and Eleventh Amendment Immunity**

"Under the Eleventh Amendment, states are generally immune from suits brought in federal court by their own citizens, by citizens of other states, by foreign sovereigns, and by Indian tribes." *Id.* at 760. Mr. Prather sued the State of Oklahoma and the Oklahoma Tax Commission, evidently for actions taken in alleged concert with Osage County officials and employees. On appeal, we have

-4-

examined Mr. Prather's filings and the record. Our review reveals no coherent argument against the State defendants' entitlement to immunity from suit under the Eleventh Amendment--immunity that extends to the State's individual officers in their official capacities. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself.").

**County Defendants and the Tax Injunction Act**

The Tax Injunction Act provides, in its entirety: "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. The Act is intended "to protect the federal balance by permitting states to define and elaborate their own laws through their own courts and administrative processes without undue interference from the Federal Judiciary. To that end, [it] erects a broad barrier to the jurisdiction of federal courts." *Chamber of Commerce*, 594 F.3d at 761 (quotation, citation, and alteration omitted). The Act "divest[s] the federal courts of subject matter jurisdiction over claims challenging state taxation procedures where the state courts provide a plain, speedy and efficient remedy." *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999) (quotation omitted). This jurisdictional bar remains in place even if a case involves civil-rights claims or an

-5-

individual member of an Indian tribe.  *See Brooks v. Nance*, 801 F.2d 1237, 1239-40 (10th Cir. 1986).

Under any interpretation of Mr. Prather's filings, his challenge to the property-tax increase and state procedures lies within the ambit of the Act. Further, it is apparent that Oklahoma provides him with a sufficient remedy in Oklahoma State Court, including the opportunity to proceed in forma pauperis. *See* Okla. Stat. tit. 68 § 2880.1 (conferring on taxpayer the right to appeal a county board of equalization decision to district court, with further appeal to the Oklahoma Supreme Court); Okla. Stat. tit. 68 § 2885(B) (providing that appeals "from all boards of equalization shall have precedence"); Okla. Stat. tit. 28 § 152(G) (setting forth Oklahoma's in forma pauperis procedure).

### III.

The district court correctly dismissed Mr. Prather's case for lack of subject matter jurisdiction.  We therefore AFFIRM.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge